**CLARK HILL LLP**
BRADFORD G. HUGHES (SBN 247141)
bhughes@ClarkHill.com
MARYAM DANISHWAR (SBN 259102)
mdanishwar@ClarkHill.com
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone:   (213) 891-9100
Facsimile:   (213) 488-1178

Attorneys for Defendants LUXURY AUTO
COLLECTION, LLC and ALBAN RAMADANI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE GODINEZ; EMERISS GONZALEZ, a minor by and through her Guardian Ad Litem, JACQUELINE GODINEZ,<br><br>                              Plaintiffs,<br><br>     v.<br><br>LUXURY AUTO COLLECTION, LLC; LUXURY AUTO COLLECTION LA LLC; ALBAN RAMADANI and DOES 1 TO 50, Inclusive,<br><br>                              Defendants. | Case No. CaseNumber<br><br>**DEFENDANTS' NOTICE AND PETITION OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF MARYAM DANISHWAR**<br><br> Date:      September 15, 2022<br>Judge:       JudgeName<br><br>*[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement and Certificate of Interested Parties]* |

**TO THE UNITED STATES DISTRICT COURT OF CALIFORNIA AND TO PLAINTIFF AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants LUXURY AUTO COLLECTION, LLC and ALBAN RAMADANI ("Defendants") hereby remove the above-entitled civil action from the Superior Court of California, for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332 and 1441.  Removal is proper because complete diversity of citizenship exists between plaintiffs JACQUELINE GODINEZ; EMERISS GONZALEZ, a minor by and through her Guardian Ad

1

Litem, JACQUELINE GODINEZ ("Plaintiff"), on one hand, and Defendants on the other hand, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## I.   BACKGROUND

1.   On June 7, 2022, Plaintiffs filed a complaint ("Complaint") in the Superior Court of California for the County of Los Angeles, entitled "*Jacqueline Godinez, et al. vs Luxury Auto Collection, LLC, et al.*," designated as Case Number 22STCV18740.  By way of the Complaint, Plaintiffs allege claims for motor vehicle and general negligence related to a motor vehicle accident allegedly occurring on July 30, 2020, in Redlands California.

2.   On July 14, 2022, Plaintiffs served Defendant Alban Ramadani and on July 19, 2022 Plaintiffs served Defendant LUXURY AUTO COLLECTION, LLC, with the Complaint.

3.   The parties met and conferred and determined that LUXURY AUTO COLLECTION LA LLC was an improperly named Defendant.  The parties agreed that Defendants LUXURY AUTO COLLECTION, LLC and ALBAN RAMADANI's responsive pleading would be due subsequent to the dismissal of an improperly named defendant.

4.   Plaintiffs dismissed the improper defendant on September 12, 2022, allowing Defendants to file their responsive pleading and this notice of removal.

## II.   TIMELINESS OF REMOVAL

5.   This Notice of Removal is timely because it is being filed within thirty days after receipt by the Defendants of the request for dismissal of LUXURY AUTO COLLECTION, LLC, the only non-diverse party, allowing Defendants to ascertained that the case is one which has become removable pursuant to 28 U.S.C. § 1446(b)(3).  (See Declaration of Maryam Danishwar ["Danishwar Decl."], ¶¶ 3-6 and Ex. 1, Plaintiffs Complaint and Ex. 2, Plaintiffs' Request for Dismissal.)

### III.    PROCEEDINGS IN STATE COURT

6.    As of the date of the filing this Notice of Removal, the following hearings are pending in the Superior Court of California, County of Los Angeles, in the State Court Action: Final Status Conference set for November 21, 2023; non-jury trial set for December 5, 2023; Order to Show Cause Re: Dismissal set for June 4, 2024  (Danishwar Decl., ¶ 7.)

### IV.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

7.    The Court has original jurisdiction of this action under 28 U.S.C. § 1332.  As described in further detail below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

### A.    Complete Diversity Exists Between Plaintiffs and Defendant

8.    Plaintiffs JACQUELINE GODINEZ and EMERISS GONZALEZ are citizens of California.  For purposes of removal, a natural person is considered a citizen of the state of domicile. *Kantor v. Wellesley Galleries, Ltd*, 704 F.2d 1088, 1090 (9th Cir. 1983).  On information and belief, Plaintiffs are and were at time of filing this action citizens of the state of California.

9.    Defendant LUXURY AUTO COLLECTION, LLC is a citizen of Arizona with its principal place of business in Arizona.  A corporation is deemed a citizen of every state in which it is incorporated and has its principal place of business.  28 U.S.C. § 1332(c)(1).  Luxury Auto Collection, LLC is, was, and at all times relevant, has been a corporation incorporated under the laws of the state of Arizona.  (Danishwar Decl., ¶ 6.)  Although Luxury Auto Collection, LLC, is authorized to conduct business in the state of California, its principal place of business is in Arizona.  (Danishwar Dec., ¶ 8.)

10.    Defendant ALBAN RAMADANI is a citizen of Arizona residing in Paradise Valley, Arizona.  (Danishwar Dec., ¶ 9.)

11.   <u>Citizenship of DOE defendants are disregarded</u>.   The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  See 28 U.S.C. § 1441(b)(1) (stating, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded").  The existence of DOE defendants 1 through 10 does not deprive this Court of jurisdiction.

12.   Because Plaintiffs are citizens of the state of California and Defendants are citizens of Arizona, complete diversity between the parties exists.

**B.    The Amount in Controversy Exceeds $75,000**

13.   Plaintiff's Statement of Damages attached to their Complaint demand over a total of $30,000,000 combined and therefore exceeds $75,000.   While Defendants denies liability as to Plaintiffs claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  See *Sanchez v. Monumental Life Ins*., 102 F.3d 398, 403-404 (9th Cir. 1996) (finding the defendants must plead "that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount" (internal quotations and citations omitted)).

14.   As the Ninth Circuit explains, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  In order to establish the amount in controversy, a defendant may state underlying facts supporting its assertion that the amount exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc*., 980 F.2d 564, 566-567 (9th Cir. 1992).  Here, this requirement is met by a review of the Statement of Damaages.

15.   In determining the amount in controversy, a court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *Conrad Assocs. v. Hartford Accident & Indemnity Co*., 994 F.Supp. 1196, 1198

4

(N.D. Cal. 1998).

16.     When a defendant seeks removal on diversity grounds, a court must deem the amount demanded in good faith by the plaintiff as the amount in controversy.  28 U.S.C. § 1446(c)(2).  Where, as here, the complaint does not demand a specific amount, whether the case meets the jurisdictional threshold may be established by other means.  *E.g., Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2007); *Cohn v. Petsmart, Inc.*, 281 F.2d 837, 840 (9th Cir. 2002).

17.     Here, Plaintiffs seek to recover several different categories of compensatory damages, including wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, and loss of earning capacity. The requested monetary damages of over $30,000,000 demanded by Plaintiffs in the Complaint makes it more likely than not that the amount in controversy in this matter exceeds the jurisdictional threshold of $75,000.

## V.     <u>VENUE</u>

18.     Without waiving Defendants' right to challenge, among other things, personal jurisdiction by way of motion, responsive pleadings, or otherwise, venue for this removed action lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c).  Plaintiffs brought this action in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California.  Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI.    <u>SERVICE OF NOTICE OF REMOVAL ON PLAINTIFFS AND THE CLERK OF THE SUPERIOR COURT</u>

19.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiffs and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the state court action.

20.    This Notice of Removal will be served on counsel for Plaintiffs.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after those papers are filed and served.

21.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached to the Danishwar Declaration as Exhibit 1.

## VII.   **PRAYER FOR REMOVAL**

22.    WHEREFORE, Defendants files this Notice of Removal of this action from the Superior Court of the State of California, County of Los Angeles, in which it is now pending, to the United States District Court for the Central District of California, Western Division.

23.    Defendants hereby requests that this Court exercise jurisdiction over all further proceedings in this action.

24.    Defendants hereby provides notice of and demand a jury trial in the above-captioned matter.


Dated:  September 27, 2022          CLARK HILL LLP



By: _____
                                      Bradford G. Hughes
                                      Maryam Danishwar
                                      Attorneys for Defendants LUXURY AUTO
                                      COLLECTION, LLC and ALBAN
                                      RAMADANI

## DECLARATION OF MARYAM DANISHWAR

I, Maryam Danishwar, declare as follows:

1.      I am an attorney at law, duly licensed to practice before the courts of the State of California.  I am an associate with the law firm of Clark Hill LLP, attorneys of record for defendants LUXURY AUTO COLLECTION, LLC and ALBAN RAMADANI ("Defendant").

2.      I submit this declaration in support of Defendant's Notice of Removal Pursuant to 28 U.S.C. §§ 1332 and 1441.  I have personal knowledge of the facts stated herein and could and would testify competently thereto if called as a witness in this matter.

3.      On July 14, 2022, Plaintiffs served Defendant Alban Ramadani and on July 19, 2022 Plaintiffs served Defendants Luxury Auto Collection, LLC, with the Complaint filed in the Superior Court of California for the County of Los Angeles, entitled "Jacqueline Godinez, et al. vs Luxury Auto Collection, LLC, et al.," designated as Case Number 22STCV18740." ("Complaint").  A true and correct copy of the Summons, Complaint, Statement of Damages, and all pleadings served on Defendants is attached to this Declaration as Exhibit 1.

4.      The parties met and conferred and determined that LUXURY AUTO COLLECTION LA LLC was an improperly named Defendant.  The parties agreed that Defendants LUXURY AUTO COLLECTION, LLC and ALBAN RAMADANI's responsive pleading would be due subsequent to the dismissal of an improperly named defendant.

5.      The Complaint alleges motor vehicle and general negligence related to a motor vehicle accident allegedly occurring on July 30, 2020, in Redlands California.

6.      Plaintiffs dismissed the improper defendant on September 12, 2022, allowing Defendants to file their responsive pleading and this notice of removal.  A true and correct copy of the Request for Dismissal is attached to this Declaration as

1    Exhibit 2.

2        7.    As of the date of the filing this Notice of Removal, the following

3    hearings are pending in the Superior Court of California, County of Los Angeles,

4    in the State Court Action: Final Status Conference set for November 21, 2023;

5    non-jury trial set for December 5, 2023; Order to Show Cause Re: Dismissal set for

6    June 4, 2024.

7        8.    Defendant LUXURY AUTO COLLECTION, LLC is a citizen of

8    Arizona with its principal place of business in Arizona.

9        9.    Defendant ALBAN RAMADANI is a citizen of Arizona residing in

10    Paradise Valley, Arizona.

11        I declare under penalty of perjury under the laws of the state of California

12    that the foregoing is true and correct.

13        Executed on September 27, 2022, at Los Angeles, California.

14

15

16                                     Maryam Danishwar

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document(s) with the Clerk of the Court for the United States District Court of California, by using the Court's CM/ECF system on September 27, 2022

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

/s/ Hiba Hammad
Hiba Hammad

DEFENDANTS' NOTICE AND PETITION OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441;
DECLARATION OF MARYAM DANISHWAR
CASE NO.