# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 06/28/2022 10:12 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Tresvant,Deputy Clerk
22STCV18740

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LUXURY AUTO COLLECTION, LLC; LUXURY AUTO COLLECTION
LA LLC; ALBAN RAMADANI; and DOES 1 to 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JACQUELINE GODINEZ; EMERISS GONZALEZ, a minor by and
through her Guardian Ad Litem, JACQUELINE GODINEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>111 North Hill Street<br>Los Angeles, California 90012<br>Central District | CASE NUMBER:<br>*(Número del Caso):*<br>**22STCV18740** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| | | |
|---|---|---|
| Gary A. Dordick, Esq. SB#128008 | Steven Dhillon, Esq. SB#274520 | Tel: 310-551-0949  Fax: 855-299-4444 |
| DORDICK LAW CORPORATION | THE STEVEN DHILLON LAW FIRM | |
| 1122 Wilshire Boulevard | 30961 West Agoura Road, Suite 103 | Sherri R. Carter Executive Officer / Clerk of Court |
| Los Angeles, California 90017 | Westlake Village, California 91361 | |

| DATE:<br>*(Fecha)* 06/28/2022 | Clerk, by<br>*(Secretario)* S. Tresvant | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*


[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Electronically FILED by Superior Court of California, County of Los Angeles on 06/07/2022 03:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk
22STCV18740

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

**PLD-PI-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |

Gary A. Dordick, Esq. SB#128008   Steven Dhillon, Esq. SB#274520
Keith D. Griffin, Esq. SB#204388   THE STEVEN DHILLON LAW FIRM
DORDICK LAW CORPORATION   30961 West Agoura Road
1122 Wilshire Boulevard   Suite 103
Los Angeles, California 90017   Westlake Village, California 91361
TELEPHONE NO: 310-551-0949   FAX NO. *(Optional):* 855-299-4444
E-MAIL ADDRESS *(Optional)* Keith@dordicklaw.com
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

PLAINTIFF: JACQUELINE GODINEZ; EMERISS GONZALEZ, a minor by and through her Guardian Ad Litem, JACQUELINE GODINEZ

DEFENDANT: LUXURY AUTO COLLECTION, LLC; LUXURY AUTO COLLECTION LA LLC; ALBAN RAMADANI; and

[X] DOES 1 TO 50, Inclusive

| |
|---|
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** |
| [ ] AMENDED *(Number):* |

Type *(check all that apply):*
[X] MOTOR VEHICLE  [X] OTHER *(specify):* General Negligence
   [X] Property Damage  [ ] Wrongful Death
   [X] Personal Injury  [X] Other Damages *(specify):* Incidental

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [ ] does not exceed $10,000
            [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER:
22STCV18740

1. Plaintiff *(name or names):* JACQUELINE GODINEZ; EMERISS GONZALEZ, a minor by and through her Guardian Ad Litem, JACQUELINE GODINEZ
   alleges causes of action against **defendant** *(name or names):* LUXURY AUTO COLLECTION, LLC; LUXURY AUTO COLLECTION LA LLC; ALBAN RAMADANI; and DOES 1 to 50, Inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages:  5
3. Each plaintiff named above is a competent adult
   a. [X] except plaintiff *(name):*  EMERISS GONZALEZ
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [X] a minor   [ ] an adult
         (a) [X] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal Solutions Plus

Code of Civil Procedure, § 425.12

PLD-PI-001

| SHORT TITLE: GODINEZ, et al., vs. LUXURY AUTO COLLECTION, LLC, et al. | CASE NUMBER: |
|---|---|

4. ⎸Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ **except** defendant *(name):* LUXURY AUTO COLLECTION, LLC

    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

c. ☐ **except** defendant *(name):*

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

b. ☒ **except** defendant *(name):* LUXURY AUTO COLLECTION LA LLC

    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

d. ☐ **except** defendant *(name):*

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

⎸ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. ☒ Doe defendants *(specify Doe numbers):* 1 to 50 were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. ☒ Doe defendants *(specify Doe numbers):* 1 to 50 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
a. ☐ at least one defendant now resides in its jurisdictional area.
b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
a. ☐ has complied with applicable claims statutes, **or**
b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: GODINEZ, et al., vs. LUXURY AUTO COLLECTION, LLC, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☒ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify):*   Incidental, Emotional Distress, cost of future medical care and treatment, for any and all prejudgment interest allowed pursuant to California Civil Code Section 3291 and any and all interest allowed by law.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: June 7, 2022

Gary A. Dordick, Esq./Keith D. Griffin, Esq.
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(1)

| | |
|---|---|
| SHORT TITLE: GODINEZ, et al., vs. LUXURY AUTO COLLECTION, LLC, et al. | CASE NUMBER: |

<u>FIRST</u>                    **CAUSE OF ACTION—Motor Vehicle**
         (number)

**ATTACHMENT TO** [X] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* JACQUELINE GODINEZ; EMERISS GONZALEZ, a minor by and through her Guardian Ad Litem, JACQUELINE GODINEZ

MV-1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries and damages to plaintiff; the acts occurred
on *(date):* July 30, 2020
at *(place):* Eastbound I-10 Freeway at/or near Alabama Street, Redlands, California

**MV-2. DEFENDANTS**

a.  X  The defendants who operated a motor vehicle are *(names):* ALBAN RAMADANI

         [X] Does 1____ to 50____

b. [X] The defendants who employed the persons who operated a motor vehicle in the course of their employment
     are *(names):* LUXURY AUTO COLLECTION, LLC; LUXURY AUTO COLLECTION LA LLC,

         [X] Does 1____ to 50____

c. [X] The defendants who owned the motor vehicle which was operated with their permission are *(names):*
     LUXURY AUTO COLLECTION, LLC; LUXURY AUTO COLLECTION LA LLC,

         [X] Does 1____ to 50____

d. [X] The defendants who entrusted the motor vehicle are *(names):*     LUXURY AUTO COLLECTION, LLC;
     LUXURY AUTO COLLECTION LA LLC,

         [X] Does 1____ to 50____

e. [X] The defendants who were the agents and employees of the other defendants and acted within the scope
     of the agency were *(names):*    ALBAN RAMADANI; LUXURY AUTO COLLECTION, LLC;
     LUXURY AUTO COLLECTION LA LLC,

         [X] Does 1____ to 50____

f. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
         [ ] listed in Attachment MV-2f   [X] as follows:

         X Does 1____ to 50____

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Motor Vehicle**

Legal
Solutions
& Plus

Page 1 of 1
Code of Civil Procedure 425.12

PLD-PI-001(2)

| SHORT TITLE: GODINEZ, et al., vs. LUXURY AUTO COLLECTION, LLC, et al. | CASE NUMBER: |
|---|---|

SECOND _____    **CAUSE OF ACTION—General Negligence**    Page  5
    (number)

ATTACHMENT TO │X  Complaint        Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  JACQUELINE GODINEZ; EMERISS GONZALEZ, a minor by and through her Guardian Ad Litem, JACQUELINE GODINEZ
    alleges that defendant *(name)*:  LUXURY AUTO COLLECTION, LLC; LUXURY AUTO COLLECTION LA LLC; ALBAN RAMADANI; and


        X │ Does  1_____  to 50, Inclusive

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*:  July 30, 2020
at *(place)*:  Eastbound I-10 Freeway, at/or near Alabama Street, Redlands, California
    *(description of reasons for liability)*:

Defendants and each of them carelessly, recklessly and negligently trained, hired, screened, monitored and employed their co-defendants, DOES 1 to 50 and each of them.

Defendants and each of them carelessly, recklessly and negligently owned, entrusted, maintained, repaired and operated their vehicle so as to be the sole and proximate cause of plaintiffs injuries and damages.  Defendants operated their vehicle in an unsafe, negligent and dangerous manner.  Defendants operated their vehicle in an unsafe manner by failing to travel at safe speeds for the conditions of the road and failed to observe the conditions of the road ahead of them.  As a result of defendants negligence, plaintiff's vehicle was struck from behind by defendants vehicle with great force.  As a result of the force of the impact, plaintiffs sustained damages to their vehicle and further sustained physical and mental damages as set forth herein.

Defendants' negligence, and each of them, was a substantial factor in causing the injuries and damages herein alleged.  As a direct and proximate result of the conduct of said defendants, and each of them, Plaintiffs were compelled to and did and will continue to employ the services of hospitals, physicians, surgeons, nurses, and the like to treat him and Plaintiffs did and will continue to incur medical, professional, and/or incidental expenses, and the like, all to his general and special damages, in an amount according to proof at the time of trial.

As a further direct and proximate result of the conduct of said defendants, and each of them, Plaintiffs suffered and will continue to suffer a loss of earnings and earning capacity, in an amount according to proof at the time of trial.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Legal
Solutions
Plus

Code of Civil Procedure 425.12

CIV-010

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gary A. Dordick, Esq.  S/B# 128008<br>Keith D. Griffin, Esq.  S/B# 204388<br>DORDICK LAW CORPORATION<br>1122 Wilshire Boulevard<br>Los Angeles, California 90017<br>TELEPHONE NO.: 310-551-0949    FAX NO. (Optional): 855-299-4444<br>E-MAIL ADDRESS (Optional): Keith@dordicklaw.com<br>ATTORNEY FOR (Name): Plaintiffs | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/08/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By _____ M. Valenzuela _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: JACQUELINE GODINEZ; EMERISS GONZALEZ, a
minor by and through her Guardian Ad Litem, JACQUELINE GODINEZ
DEFENDANT/RESPONDENT: LUXURY AUTO COLLECTION, LLC; LUXURY AUTO
COLLECTION LA LLC; ALBAN RAMADANI; and DOES 1 to 50, Inclusive

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>[X] EX PARTE | CASE NUMBER:<br>22STCV18740 |
|---|---|

**NOTE:** *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

Electronically Received 06/07/2022 03:00 PM

1. Applicant *(name):* JACQUELINE GODINEZ                                                                 is
   a. [X] the parent of *(name):* EMERISS GONZALEZ
   b. [ ] the guardian of *(name):*
   c. [ ] the conservator of *(name):*
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
Jacquline Godinez, 11892 California Street, Yucaipa, California 92399; (310) 551-0949

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
Emeriss Gonzalez, 11892 California Street, Yucaipa, California 92399; (310) 551-0949

4. The person to be represented is:
   a. [X] a minor *(date of birth):* May 16, 2013
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      for injuries sustained as a result of defendants negligence

[ ] Continued on Attachment 5a.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008] | **APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§ 372 et seq. |
|---|---|---|---|

**CIV-010**

| PLAINTIFF/PETITIONER: JACQUELINE GODINEZ; EMERISS GONZALES, a minor by and through her Guardian Ad Litem, JACQUELINE GODINEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LUXURY AUTO COLLECTION, LLC | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

 c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

 d. ☐ the appointment of a guardian ad litem is necessary for the following reasons (specify):

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

 a. ☒ related (state relationship): mother

 b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

GARY A. DORDICK, ESQ.
(TYPE OR PRINT NAME)                                                                 (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 7, 2022

JACQUELINE GODINEZ
(TYPE OR PRINT NAME)                                                                 (SIGNATURE OF APPLICANT)

DocuSigned by:
4F1D64B4F8D9460...

**CONSENT TO ACT AS GUARDIAN AD LITEM**

I consent to the appointment as guardian ad litem under the above petition.

Date: June 7, 2022

JACQUELINE GODINEZ
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

DocuSigned by:
4F1D64B4F8D9460...

**ORDER** ☒ **EX PARTE**

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): JACQUELINE GODINEZ
is hereby appointed as the guardian ad litem for (name): EMERISS GONZALEZ
for the reasons set forth in item 5 of the application.

Date: 06/08/2022

JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/07/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Ruiz _____ Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT -**<br>**UNLIMITED PERSONAL INJURY CIVIL CASES**<br>**ASSIGNED TO THE PERSONAL INJURY HUB COURTS** | |
| Your case is assigned to the judicial officer indicated below in the Personal Injury Hub Court for all purposes, except for trial. | CASE NUMBER:<br>22STCV18740 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDICIAL OFFICER | DEPT. |
|---|---|---|
| ✔ | Daniel M. Crowley | 28 |

| |
|---|
| **FINAL STATUS CONFERENCE:**<br>DATE: _____ 11/21/2023 _____ at 10:00 a.m. |
| **TRIAL DATE:**<br>DATE: _____ 12/05/2023 _____ at 8:30 a.m. |
| **ORDER TO SHOW CAUSE RE: DISMISSAL (Code of Civil Procedure, section 583.210)**<br>DATE: _____ 06/04/2024 _____ at 8:30 a.m. |

Given to the Plaintiff / Attorney of Record

On 06/08/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Ruiz _____ Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL PERSONAL INJURY CASES**

LASC CIV 295 NEW 05/22
For Mandatory Use

## INSTRUCTIONS FOR HANDLING UNLIMITED PERSONAL INJURY CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDICIAL OFFICER
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purpose to a judicial officer, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assignment to the Personal Injury Hub Courts will be subjected to processing under the standards listed below.

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days. Failure to do so may result in the imposition of sanctions.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than eight court days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court and time standards, or deadlines established by the Court or by Chapter Three Rules. Such sanctions may be on a party, or if appropriate on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to a PI Hub Court for all purposes except for trial or an Independent Calendar Courtroom for all purposes depending on the PI Case Type.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to a PI Hub Court for all purposes except for trial or an Independent Calendar Courtroom for all purposes depending on the PI Case Type.

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL PERSONAL INJURY CASES

LASC CIV 295 NEW 05/22
For Mandatory Use

2022-SJ-008-02

**FILED**
Superior Court of California
County of Los Angeles

**MAY 04 2022**

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Anoush Michitarian

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the )<br>Personal Injury Hub Courts (Spring Street )<br>Courthouse) )<br> )<br>_____ ) | SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURTS EFFECTIVE MAY 16, 2022 (REVISED 05/04/2022) |

## STANDING ORDER RE: PROCEDURES AT PERSONAL INJURY

## HUB COURTS AT THE SPRING STREET COURTHOUSE

The Superior Court of California, in and for the County of Los Angeles (Superior Court, Los Angeles County), hereby issues the following order prescribing the procedures to be followed in the Personal Injury Hub Courts at the Spring Street Courthouse.

**I.  Authority**

This order is being made pursuant to the Code of Civil Procedure, the California Rules of Court, rule 3.720, and the Superior Court, Los Angeles County, Local Rules, rule 3.23.  It supersedes the following General and Standing Orders:

A.  Amended General Order Re: General Jurisdiction Personal Injury Cases – Filing Location (5/16/2014);

B.  First Amended Standing Order Re: Final Status Conference, Personal Injury ("PI") Courts (4/16/2018);

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-02

First Amended Standing Order Re: Personal Injury Procedures at the Spring Street Courthouse (2/24/2020);

C. Third Amended Standing Order Re: Final Status Conference, Personal Injury ("PI") Courts (2/24/2020);

D. Fifth Amended Standing Order Re: Mandatory Settlement Conference (2/24/20);

E. Amended Supplemental Standing Order re Covid Protective Measures Related to Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse (12/22/2020);

F. Sixth Amended Standing Order Re: Mandatory Settlement Conference (6/23/21); and

G. Second Amended Supplemental Standing Order re Covid Protective Measures Related to Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse (10/08/2021).

2. **Definition of Personal Injury (PI) Cases**

As prescribed by the Superior Court, Los Angeles County, Local Rules, rule 2.3(a)(1)(A), "personal injury" cases are those alleging injuries arising from:

☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death

☐ 2301 Premises Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.)

☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.)

☐ 2303 Intentional Infliction of Emotional Distress

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-02

☐ 2304 Other Personal Injury/Property Damage/Wrongful Death

☐ 2307 Construction Accidents

The Superior Court, Los Angeles County, will assign a case to the PI Hub Courts if plaintiff(s) checks any of the above boxes on the Civil Case Cover Sheet Addendum and Statement of Location (Form LASC CIV 109).

However, cases alleging causes of action for product liability, medical or health professional malpractice, elder abuse, sexual abuse, and habitability issues **will not** be assigned to the PI Hub Courts. If any of the following boxes are checked on the Civil Case Cover Sheet Addendum and Statement of Location, the case will be assigned to an Independent Calendar Court:

☐ 2401 Product Liability (not asbestos or toxic/environmental)

☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (Civil Code, sections 1790-1795.8) (Lemon Law)

☐ 2305 Elder/Dependent Adult Abuse and Claims Against Skilled Nursing Facility

☐ 2306 Intentional Conduct - Sexual Abuse Case (in any form)

☐ 2308 Landlord - Tenant Habitability (e.g., bed bugs, mold, etc.)

☐ 4501 Medical Malpractice - Physicians & Surgeons

☐ 4502 Other Professional Health Care Malpractice

Independent Calendar Courts will handle such cases for all purposes, including trial.

3. **Assignment to PI Hub Court and Final Status Conference, Trial, and Order to Show Cause Dates**

All PI cases filed in Los Angeles County (with the exception of those filed in the Michael Antonovich Antelope Valley Courthouse) will be assigned to a PI Hub Court located at 312

PAGE 3 OF 19

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-02

1 | North Spring Street, Los Angeles, CA 90012.  In addition, upon filing, a case will be assigned a

2 | Trial date approximately 18 months from the filing date, a Final Status Conference (FSC) date

3 | approximately eight court days prior to the Trial date, and a date for a hearing on an Order to

4 | Show Cause why the case should not be dismissed pursuant to Code of Civil Procedure sections

5 | 583.410 and 583.420(a)(1) approximately 24 months from the filing date.

6 | **4.  Transferring Cases from the PI Hub Courts**

7 |        The PI Hub Courts may transfer a case *sua sponte* based upon a determination that the

8 | case is either not a PI case or that it requires more case management than the PI Hub Courts can

9 | provide, given their case inventories.

10 | **5.  Filing of Documents**

11 |        Except for self-represented litigants or counsel who have obtained an exemption from

12 | mandatory electronic filing, parties must electronically file documents. Filings are no longer

13 | accepted via facsimile. The requirements for electronic filing are detailed in the Superior

14 | Court, Los Angeles County's operative General Order Re Mandatory Electronic Filing for

15 | Civil, available online at https://www.lacourt.org/division/efiling/pdf/GenOrdCivilEfiling.pdf.

16 | **6.  Service of Summons and Complaint**

17 |        Plaintiff(s) shall serve the summons and complaint upon Defendant(s) within 60 days of

18 | filing of the complaint.  (California Rules of Court, rule 3.110 (b).) Failure to do so may result

19 | in the imposition of sanctions.  (Code of Civil Procedure, sections 128, 177.5; California Rules

20 | of Court, rule 2.30.)  In addition, at a hearing on an Order to Show Cause re Dismissal (described

21 | in Paragraph three above), the PI Hub Courts may dismiss the case and/or all unserved parties

22 | unless Plaintiff(s) shows cause why the case or the unserved parties should not be dismissed.

23 | (Code of Civil Procedure, sections 583.410, 583.420(a)(2).).

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

**7. Stipulations to Advance or Continue Trial**

The Court may honor stipulations by all parties to a case to advance or continue a trial, provided that the proposed trial date is not beyond 24 months of the filing of the complaint, without a showing of good cause.

To advance or continue a trial date, the parties (or their counsel of record) should jointly execute and submit a (Proposed) Order and Stipulation to Continue Trial, FSC [and Related Motion/Discovery Dates Personal Injury Courts Only (Central District)] (LACIV-CTRL-PI). The PI Hub Courts schedule FSCs at 10:00 a.m., approximately eight court days before the trial date. Parties seeking to advance or continue trial and FSC dates shall file the stipulation at least eight court days before the existing FSC date. (Code of Civil Procedure, section 595.2; Government Code, section 70617(c)(2).) In selecting a new trial date, parties should avoid setting on Mondays, or Tuesdays following a court holiday.

Parties may submit a maximum of two stipulations to continue trial for a total continuance of six months before 24 months of the filing of the complaint. Other requests to continue trial will be granted only upon a showing of good cause by noticed motion.

**8. No Case Management Conferences**

The PI Hub Courts do not conduct case management conferences. Thus, the parties need not file a Case Management Conference Statement.

**9. Law and Motion**

A. Reservation Hearing Date

Parties must reserve hearing dates for motions in the PI Hub Courts using the Court Reservation System (CRS) available online (www.lacourt.org). After reserving a motion hearing date, the reservation requestor must submit the moving papers for filing with the reservation

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-02

1   receipt number printed on the face page of the document under the caption and attach the

2   reservation receipt as the last page. Parties or counsel who are unable to utilize the online CRS

3   to reserve a hearing date may contact the assigned PI Hub Court for assistance, Monday through

4   Friday, between 3:00 p.m. and 4:00 p.m.

5         As soon as a reservation requestor realizes that a motion hearing, or other proceeding

6   requiring a reservation in the PI Hub Courts, such as in Informal Discovery Conference (IDC)

7   will not be necessary, the reservation requestor shall immediately use CRS to cancel the

8   reservation for the motion hearing, or other proceeding requiring a reservation.

9         If the moving party deems the hearing date to be too far in the future (for example, after

10  the trial date), parties should check CRS from time to time because earlier hearing dates may

11  become available as cases settle or hearings are taken off calendar. The Court will not advance

12  a hearing date because it is set after a trial date. If a hearing is set after the trial date, the moving

13  party should seek to continue the trial, by noticed motion, instead. (See, Section 10. Ex Parte

14  Applications, below.)

15    B. Electronically Filed Documents

16        Any and all electronically filed documents must be text searchable and bookmarked

17  pursuant to the operative General Order re Mandatory Electronic Filing for Civil, General Order

18  re Mandatory Electronic Filing in Civil.

19    C. Courtesy Copies

20        Courtesy copies are required for Ex Parte Applications, Motions for Summary Judgment,

21  Oppositions to Ex Parte Applications and Motions for, Oppositions to, and Replies to

22  Oppositions to Motions for Summary Judgment or Summary Adjudication.

23  ///

**PAGE 6 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

Courtesy copies must be submitted directly to the assigned PI Hub Court at the Spring Street Courthouse. The PI Hub Courts strongly encourage the parties filing and opposing lengthy motions for summary judgment or adjudication, to submit one or more three-ring binders organizing the courtesy copies behind tabs. Any courtesy copies of documents with declarations and/or exhibits must be tabbed. (California Rules of Court, rule 3.1110(f).) All deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits. (California Rules of Court, rule 3.1116(c).) Courtesy copies, including any media attached thereto, will be destroyed by the Court without notice following the hearing.

D. Withdrawal of Motions

If a moving party takes a motion off a PI Hub Court's calendar, the moving party must notify the court immediately and should remove the item from the Court's calendar on CRS. (California Rules of Court, rule 3.1304(b).) If, in response to a demurrer or a motion to strike, a party exercises its right to amend a pleading as prescribed by Code of Civil Procedure section 472(a), the Court requests that party work with the party who filed the demurrer or motion to strike to take the demurrer or motion to strike off calendar so that the PI Hub Courts do not needlessly prepare tentative rulings.

E. Motions to Compel Further Responses to Discovery

PI Hub Courts will not hear Motions to Compel Further Discovery Responses to Discovery until the parties have engaged in an Informal Discovery Conference (IDC).

PI Hub Courts may deny or continue a Motion to Compel Further Responses to Discovery unless the parties have participated in an IDC before the scheduled hearing on a motion to compel further discovery responses.

///

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-02

1    After meeting and conferring about available dates for an IDC, the moving/propounding

2    party shall reserve an IDC through CRS (see paragraph 9 above) and provide notice of the

3    reserved IDC to the opposing/responding party by filing and serving an Informal Discovery

4    Conference Form for Personal Injury Courts  LASC CIV 239 at least 15 court days before the

5    IDC and attach the CRS reservation receipt as the last page. **The IDC will not be "scheduled"**

6    **by the court until the IDC Form is filed.** The opposing/responding party may file and serve a

7    responsive IDC Form at least 10 court days before the IDC.  All parties shall briefly set forth

8    their respective positions on the pending discovery issues on the IDC Form.

9    Ideally, the parties should participate in an IDC before a Motion to Compel Further

10   Discovery Responses is filed because the IDC may avoid the necessity of such a motion or, at

11   least, reduce its scope.  Because of that possibility, parties are encouraged to stipulate to extend

12   the deadline for filing a Motion to Compel Further Discovery Responses by 60 days in order to

13   allow time to participate in an IDC and to informally resolve the pending discovery issues.

14   Note:  Reserving or scheduling an IDC **does not extend the time to file a Motion to**

15   **Compel Further Discovery Responses.**

16   If parties do not stipulate to extend the deadline(s) to file a Motion to Compel Further

17   Discovery Responses, the moving/propounding party may file the motion to avoid it being

18   deemed untimely.  However, the IDC must take place before the motion is heard so it is

19   suggested that the moving party reserve a date for the motion hearing that is at least 60 days after

20   the date when an IDC is scheduled.  Note:  A party's failure to stipulate to extend the time to

21   bring a Motion to Compel Further Discovery Responses so that an IDC may be held may subject

22   the parties and/or counsel to the imposition of sanctions.

23   ///

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1   The PI Hub Courts have found that, in most cases, IDCs are successful at assisting the

2   parties to amicably resolve their discovery disputes, and in resolving the case as a whole.  The

3   purpose of the IDC is to assist the parties to resolve and/or narrow the scope of discovery

4   disputes.  Therefore, parties, through their respective counsel of record with full authority to

5   make binding agreements, shall participate in the scheduled IDC. The PI Hub Courts have found

6   that most discovery disputes result from a failure to meaningfully meet and confer on the pending

7   discovery issues.  The PI Hub Courts generally find that meeting and conferring by only

8   exchanging letters and e-mails, as opposed to actual conversation, are insufficient and

9   ineffective. Thus, in requesting an IDC, the parties must indicate on their IDC forms what efforts

10  were made to informally resolve pending discovery issues, which must include in-person or

11  virtual meetings or telephonic communications. (The PI Hub Courts require this same showing

12  in declarations filed in support of, and in opposition to, Motions to Compel Further Discovery

13  Responses.)

14      Time permitting, the PI Hub Courts may be available to conduct IDCs to resolve other

15  types of discovery disputes.

16  **10. Ex Parte Applications**

17      The PI Hub Courts will only grant ex parte relief upon a showing, by admissible

18  evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where

19  the moving party identifies "a statutory basis for granting relief ex parte." (California Rules of

20  Court, rule 3.1202(c).)   The PI Hub Courts have no capacity to hear multiple ex parte

21  applications or to shorten time to add hearings to their fully booked motion calendars.  Given

22  the PI Hub Courts' impacted calendars, a PI Hub Court's unavailability for timely motion

23  hearings is not an "immediate danger" or threat of "irreparable harm" justifying ex parte relief.

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-02

1  Instead of seeking ex parte relief, the moving party should reserve the earliest available motion
2  hearing date (even if it is after the scheduled trial date) and file a noticed motion to continue the
3  trial.

4  And, again, parties should check CRS from time to time because earlier hearing dates
5  may become available as cases settle or hearings are taken off calendar.

6  **11. Jury Fees**

7  Parties must pay jury fees no later than 365 calendar days after the filing of the initial
8  complaint. (Code of Civil Procedure, § 631(c)(2).)

9  **12. Final Status Conference**

10  A. Purpose

11  The purpose of the FSC is to verify that the parties are completely ready to proceed with
12  trial continuously and efficiently, from day to day, until verdict. The PI Hub Courts will verify
13  at the FSC that all parties have (1) prepared all necessary trial documents, and (2) met and
14  conferred in an effort to stipulate to ultimate facts, legal issues, Motions in Limine, and the
15  authentication/foundation and admissibility of exhibits.

16  B. Trial Documents to Be Filed

17  At least five calendar days prior to the FSC, the parties shall serve and file the following
18  Trial Readiness Documents:

19  1. Trial Briefs (Optional)

20  Each party may, but is not required to, file a trial brief succinctly identifying:

21  a. the claims and defenses subject to litigation;

22  b. the major legal issues (with supporting points and authorities);

23  c. the relief claimed and calculation of damages sought; and

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1    d. any other information that may assist the court at trial.

2    2.  Motions in Limine

3    Before filing Motions in Limine, the parties shall comply with the statutory notice

4    provisions of Code of Civil Procedure section 1005 and the requirements of the Superior Court,

5    Los Angeles County, Local Rules, rule 3.57(a).  The caption of each Motion in Limine shall

6    concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than

7    one Motion in Limine shall number them consecutively.  Parties filing opposition and reply

8    documents shall identify the corresponding motion number in the caption.

9    3.  Joint Statement to Be Read to the Jury

10   For jury trials, the parties shall prepare and file a joint written statement of the case for

11   the trial court to read to the jury.  (Superior Court, Los Angeles County, Local Rules, rule

12   3.25(g)(4).)

13   4.  Joint Witness List

14   The parties shall prepare and file a joint, alphabetized by last name, list of all witnesses

15   that each party intends to call, excluding impeachment and rebuttal witnesses.  (Superior Court,

16   Los Angeles County, Local Rules, rule 3.25(g)(5).)  The joint witness list shall identify each

17   witness by name, specify which witnesses are non-experts and experts, estimate the length of the

18   direct, cross, and re-direct examination of each witness, and include a total number of hours for

19   all witness testimony.  The parties shall identify all potential witness scheduling issues and

20   special requirements.  Any party who seeks to elicit testimony from a witness not identified on

21   the witness list must first make a showing of good cause to the trial court.

22   ///

23   ///

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-02

5.   List of Proposed Jury Instructions (Joint and Contested)

The parties shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, including columns to indicate whether an instruction is agreed to or contested. In addition, the List of Proposed Jury Instructions must include columns for a trial judge to indicate whether an instruction was given, given as modified, refused or withdrawn.  (California Rules of Court, rule 2.1055.)

6.   Jury Instructions (Joint and Contested)

The parties shall prepare a complete set of full text proposed jury instructions in a format ready for submission to the jury, by editing all proposed California Civil Jury Instructions including inserting party name(s) and eliminating blanks, brackets, and irrelevant material.  The parties may prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (**i.e., there should be no boxes or other indication on the printed instruction itself as to which party is requesting the instruction**).

7.   Joint Verdict Form(s)

The parties shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all parties. (Superior Court, Los Angeles County, Local Rules, rule 3.25(g)(8).) If the parties cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

8.   Joint Exhibit List

The parties shall prepare and file a joint exhibit list organized with columns identifying each exhibit, setting forth stipulations, if any, to authenticity/foundation and admissibility of exhibits, and specifying evidentiary objections, if any, to the admission of an exhibit.  If an objection to an exhibit is not articulated on the exhibit list, the trial court may deem the exhibit

PAGE 12 OF 19

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

1   admitted.  The parties shall meet and confer regarding stipulations to authenticity/foundation and

2   admissibility of exhibits, and to resolve objections, if any, to the admission of an exhibit, before

3   filing the Joint Exhibit List.

4        9.   Page and Line Designation for Deposition and Former Testimony

5        If the parties intend to use deposition testimony or former trial testimony in lieu of any

6   witness' live testimony, the parties shall meet and confer, and jointly prepare and file a chart

7   with columns for each of the following:  1) the page and line designations of the deposition or

8   former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses

9   thereto, and 5) the Court's ruling.

10   C.  Items to be Presented at the Final Status Conference

11        1.   Trial Binders

12        The parties shall jointly prepare (and be ready to temporarily lodge) 3-ring binders

13   containing conformed (filed in eCourt) copies of all the following:

14        Tab A:  Trial Briefs (Optional)

15        Tab B:  Motions in Limine

16        The parties shall organize Motions in Limine (tabbed in numerical order) with the

17   opposition papers and reply papers for each motion placed directly behind the moving

18   papers.

19        Tab C: Joint Statement to Be Read to the Jury

20        Tab D: Joint Witness List

21        Tab E: Joint List of Jury Instructions (identifying the agreed upon and contested

22   instructions)

23        Tab F: Joint and Contested Jury Instructions

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1  The parties shall organize proposed jury instructions with the agreed upon instructions

2  first in order followed by the contested instructions (including special instructions)

3  submitted by each party.

4  Tab G: Joint and/or Contested Verdict Form(s)

5  Tab H: Joint Exhibit List

6  Tab I: Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

7  Tab J: Copies of the Current Operative Pleadings (including the operative complaint,

8  answer, cross-complaint, if any, and answer to any cross-complaint).

9      2.  Filing and Electronic Submission of Trial Documents

10  In an effort to reduce the number of in-person appearances in the PI Hub Courts, in

11  addition to the parties filing and serving the Trial Documents at least five calendar days prior to

12  the FSC, two court days prior to the FSC, the parties must provide the PI Hub Court with the

13  trial binders in electronic form (see below). This will allow parties to appear remotely for the

14  FSC and provide the PI Hub Courts with the opportunity to review the trial binders to determine

15  whether parties are ready for trial. Hard copies of the trial binders will continue to be required

16  for the trial.

17      a.  The parties must submit in one PDF conformed copies of the joint statement of the

18          case, joint witness list, joint list of jury instructions, full-text joint and contested jury

19          instructions, joint and/or contested verdict form(s), joint exhibit list, joint deposition

20          designation chart, and operative pleadings as listed in paragraph C.1. above (Tabs C

21          through J).

22      b.  The trial briefs and Motions in Limine, oppositions, and replies, if any, must be

23          submitted in a separate PDF as listed in paragraph C.1 above (Tabs A and B). If a

**PAGE 14 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

**Motion in Limine and exhibits thereto exceed 10 pages, the parties may submit just the face page of the motion.** (The entire motion will still need to be brought to the trial in the appropriate binder.)

c.  The PDFs must be text searchable.

d.  The PDFs must be bookmarked which is essentially an electronic tab so that the PI Hub Court is able to find and navigate among the trial documents.

(See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-pdfs.html for bookmarking instructions.)

e.  The PDFs must be emailed to the applicable email address listed below:

    Department 27 at sscdept27LSC@LACourt.org

    Department 28 at sscdept28LSC@LACourt.org

    Department 29 at sscdept29LSC@LACourt.org

    Department 30 at sscdept30LSC@LACourt.org

    Department 31 at sscdept31LSC@LACourt.org

    Department 32 at sscdept32LSC@LACourt.org

f.  The subject line in the email must include identifying case information as follows:

    [Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of Hearing Date] (e.g., 20STCV00001 Trial Readiness Binder, FSC 01/11/2022).

g.  Each email should have two PDFs attached – one containing the trial documents and the other containing the trial briefs and Motions in Limine, if applicable.

h.  The parties need not email the evidentiary exhibit binders to the PI Hub Court for the FSC. However, the parties shall prepare the exhibit binders as required (see section 3. Evidentiary Exhibits, below) and be prepared to represent to the PI Hub Court that

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

the binders have been properly prepared. Hard copies of the exhibit binders will be required for the trial court.

3. Evidentiary Exhibits

The parties shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly marked exhibits, organized numerically in three-ring binders (a set for the trial court, the Judicial Assistant, and the witnesses). The parties shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

D. Failure To Comply with Final Status Conference Obligations

The PI Hub Courts have the discretion to require any party or counsel of record who fails or refuses to comply with this Standing Order to show cause why the Court should not impose monetary, evidentiary, and/or issue sanctions (including the entry of a default or the striking of an answer).

**13. Mandatory Settlement Conferences**

Mandatory Settlement Conferences (MSC) are available on a virtual platform hosted by the Beverly Hills Bar Association at ResolveLawLA.com.  MSCs are conducted by volunteer attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, the Consumer Attorneys Association of Los Angeles, and the Beverly Hills Bar Association and are overseen by the Court.

///

///

///

///

**PAGE 16 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN**
**THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

MSCs are available in cases with two sides[1] 1) by stipulation, or 2) by court order at the Final Status Conference. If parties stipulate to participate in a ResolveLawLA MSC, they must seek leave of Court to do so, by making an ex parte application using the PI Hub MSC Stipulation form.  Both parties should appear at the ex parte hearing.  At the Final Status Conference, the Court may order parties to participate in a MSC if the Court feels that it could assist the parties in resolving the case.

Whether by stipulation or court order, parties must access the ResolveLawLA website at www.ResolveLawLA.com to create an account and register the case for MSC within two court days of the Court's order of the MSC.  Plaintiff or its, her or his counsel (Plaintiff) must coordinate with Defendant or its, her or his counsel (Defendant) and select a mutually agreed upon date and time for the MSC prior to the trial date. Plaintiff shall also provide the name, email address, and phone number for Defendant when registering the case for an MSC.

A MSC brief shall be lodged by each party at ResolveLawLA.com and served on all parties not less than five court days before the scheduled MSC. The settlement conference statement shall be limited to five pages on the MSC Brief and 10 pages for exhibits. ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday, excluding court holidays, and are conducted on a virtual platform.  After a MSC is scheduled, the ResolveLawLA system will send notifications via text and/or email and will include a link for counsel, the parties, and insurance representatives to join the MSC remotely.

---

[1] Cases with cross-complaints or separately represented defendants are not eligible.

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

Pursuant to California Rules of Court, rule 3.1380(b) and Superior Court, Los Angeles County, Local Rules, rule 3.25(d), counsel, the parties, and persons with full authority to settle the case (including insurance company representatives) must attend the MSC virtually unless a judicial officer has excused the virtual appearance for good cause. Once Defendants are notified that a case has been scheduled for a MSC, Defendants shall create their own login to the ResolveLawLA.com system, and shall list all parties, party representatives and insurance adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be canceled or rescheduled, it must be canceled through ResolveLawLA.

If the case settles before a scheduled MSC, parties shall forthwith notify the PI Hub Court to which the case is assigned of such settlement. The parties should also document their settlement agreement in writing signed by all parties whether before or at the scheduled MSC.

**14. Trials**

The PI Hub Courts do not conduct trials. On the trial date, all parties and/or their trial counsel **must appear in person** in the PI Hub Court assigned to the case. Upon confirming that the parties are trial-ready, the PI Hub Court will obtain a Trial Court assignment from Stanley Mosk Courthouse, Department 1, and will inform the parties and/or trial counsel of the assignment. The parties then have 20 minutes within which to exercise a peremptory challenge to the assigned trial court, assuming that party had not previously exercised the party's right to make such a challenge.

Should a Plaintiff fail to appear at trial, the PI Hub Court will dismiss the case without prejudice. (Code of Civil Procedure section 581(b)(3).) If a Defendant fails to appear at trial, the PI Hub court will obtain a Trial Court assignment from Department 1 and the Plaintiff will

///

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1   proceed with an uncontested trial pursuant to Code of Civil Procedure section 594 and *Warden*

2   *v. Lamb* (1929) 98 Cal.App. 738, 741.

3   **15. Sanctions**

4           The Court has discretion to impose sanctions for any violation of this Standing Order.

5   (Code of Civil Procedure, sections 128.7, 187; Government Code, section 68608(b).)

6

7   Dated: 5/4/22

8                                                   _____
                                                    Judge David J. Cowan
                                                    Supervising Judge, Civil Division

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PAGE 19 OF 19

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   > **Mediation may be appropriate when the parties**
   > - want to work out a solution but need help from a neutral person.
   > - have communication problems or strong emotions that interfere with resolution.
   >
   > **Mediation may not be appropriate when the parties**
   > - want a public trial and want a judge or jury to decide the outcome.
   > - lack equal bargaining power or have a history of physical/emotional abuse.

---

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **_www.lacourt.org_** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    <span>(INSERT DATE)</span>                         <span>(INSERT DATE)</span>
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at _www.lacourt.org_ under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____              ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)
Date:

_____              ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____              ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____              ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____              ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)
Date:

_____              ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)
Date:

_____              ➢  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢  _____
(ATTORNEY FOR PLAINTIFF)

➢  _____
(ATTORNEY FOR DEFENDANT)

➢  _____
(ATTORNEY FOR DEFENDANT)

➢  _____
(ATTORNEY FOR DEFENDANT)

➢  _____
(ATTORNEY FOR _____)

➢  _____
(ATTORNEY FOR _____)

➢  _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐    Request for Informal Discovery Conference
    ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]    [ Save ]        [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re Use of Voluntary Efficient Litigation Stipulations | ) ) ) ) ) ) ) | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

1   Gary A. Dordick, Esq.  S/B# 128008
2   Keith D. Griffin, Esq.  S/B# 204388
    DORDICK LAW CORPORATION
3   1122 Wilshire Boulevard
    Los Angeles, California 90017
4   Tel: (310) 551-0949 • Fax:  855-299-4444
5   **In Association With**
    Steven Dhillon, Esq.  S/B# 274520
6   THE STEVEN DHILLON LAW FIRM
    30961 West Agoura Road, Suite 103
7   Westlake Village, California 91361
    Tel: (818) 874-9485 • Fax: (818) 322-4626
8   Attorneys for Plaintiffs

9

10                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          FOR THE COUNTY OF LOS ANGELES

12

13   JACQUELINE GODINEZ; EMERISS          Case No.: 22STCV18740
14   GONZALEZ, a minor, by and through her
     Guardian Ad Litem, JACQUELINE        PLAINTIFF, JACQUELINE GODINEZ'
15   GODINEZ,                             STATEMENT OF DAMAGES

16              Plaintiffs,

17        vs.

18
     LUXURY AUTO COLLECTION, LLC;
19   LUXURY AUTO COLLECTION LA LLC;
     ALBAN RAMADANI; and DOES 1 through
20   500, Inclusive,

21
                Defendants.
22

23        **TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**
24

25        PLEASE TAKE NOTICE that Plaintiff, JACQUELINE GODINEZ, hereby prays for
26   the following judgment against each of the Defendants in the case:

27

28

                                    1.

                    PLAINTIFF'S STATEMENT OF DAMAGES

(A)     General damages for injuries to health of mind and body and loss of enjoyment of life in the sum of $10,000,000.00 (Ten Million Dollars);

(B)     For medical expenses and hospital care and treatment for said injuries in the current amount of and continuing;

| | |
|---|---|
| Loma Linda University Hospital | $13,850.52 |
| Mission Imaging | $5,100.00 |
| Cal BPS | $33,250.00 |
| Nova Surgical Institute | $37,300.00 |
| David Ramin, M.D. | $5,275.00 |
| Jeffrey S. Gero, Ph.D. | $3,100.00 |
| Virella Neurosurgery | $800.00 |
| West Star Physical Therapy | $4,481.00 |
| Arrowhead Orthopedic | $1,496.95 |
| Redlands Community Hospital | $10,385.56 |
| Khan D. Naguib, M.D. | $2,115.00 |
| Healthpointe/Blake Berman MD | $1,655.00 |
| Redlands Advance Imaging | $2,230.00 |
| Shin Imaging | $Unknown |

(C)     For future medical expenses and hospital care and treatment in an amount not yet fully ascertained;

(D)     For loss of earnings and loss of capacity to earn a living in an amount not yet fully ascertained;

(E)     For each and every other item of special damages as a result of said accident in an amount not yet fully ascertained;

(F)     For prejudgment interest.

DATED:    July 12, 2022          DORDICK LAW CORPORATION

By: _____
    Gary A. Dordick, Esq.
    Keith Griffin, Esq.
    Attorneys for Plaintiffs

2.

PLAINTIFF'S STATEMENT OF DAMAGES

1   Gary A. Dordick, Esq.  S/B# 128008
    Keith D. Griffin, Esq.  S/B# 204388
2   DORDICK LAW CORPORATION
3   1122 Wilshire Boulevard
    Los Angeles, California 90017
4   Tel: (310) 551-0949 • Fax:  855-299-4444
    **In Association With**
5   Steven Dhillon, Esq.  S/B# 274520
6   THE STEVEN DHILLON LAW FIRM
    30961 West Agoura Road, Suite 103
7   Westlake Village, California 91361
    Tel: (818) 874-9485 • Fax: (818) 322-4626
8   Attorneys for Plaintiffs

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   FOR THE COUNTY OF LOS ANGELES

12

13   JACQUELINE GODINEZ; EMERISS          Case No.: 22STCV18740
     GONZALEZ, a minor, by and through her
14                                         
     Guardian Ad Litem, JACQUELINE         PLAINTIFF, EMERISS GONZALEZ, A
15   GODINEZ,                              MINOR, BY AND THROUGH HER
                                           GUARDIAN AD LITEM, JACQUELINE
16              Plaintiffs,                GODINEZ' STATEMENT OF DAMAGES

17              vs.

18
     LUXURY AUTO COLLECTION, LLC;
19   LUXURY AUTO COLLECTION LA LLC;
20   ALBAN RAMADANI; and DOES 1 through
     500, Inclusive,
21
                Defendants.
22

23        **TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

24

25        PLEASE TAKE NOTICE that Plaintiff, EMERISS GONZALEZ, A MINOR, BY

26   AND THROUGH HER GUARDIAN AD LITEM, JACQUELINE GODINEZ, hereby prays

27   for the following judgment against each of the Defendants in the case:

28

                                   1.

                    PLAINTIFF'S STATEMENT OF DAMAGES

(A)     General damages for injuries to health of mind and body and loss of enjoyment of life in the sum of $20,000,000.00 (Twenty Million Dollars);

(B)     For medical expenses and hospital care and treatment for said injuries in the current amount of and continuing;

| | |
|---|---|
| Loma Linda University Hospital | $10,217.03 |
| Mission Imaging | $5,100.00 |
| Redlands Chiropractic | $795.00 |
| Stanley Schwartz, MD | $194.00 |
| Jeffrey S. Gero, Ph.D. | $600.00 |
| Ronald Gabriel, M.D. | $2,000.00 |
| Yucaipa Urgent Care Center | $Unknown |

(C)     For future medical expenses and hospital care and treatment in an amount not yet fully ascertained;

(D)     For loss of earnings and loss of capacity to earn a living in an amount not yet fully ascertained;

(E)     For each and every other item of special damages as a result of said accident in an amount not yet fully ascertained;

(F)     For prejudgment interest.

DATED:     July 12, 2022          DORDICK LAW CORPORATION

                              By:     _____
                                        Gary A. Dordick, Esq.
                                        Keith Griffin, Esq.
                                        Attorneys for Plaintiffs

2.

PLAINTIFF'S STATEMENT OF DAMAGES